KR/RS: USAO 2024R00094

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**ALEKZANDER QUINN BYWATER**, and<br>**ANIKA DANIELLE STUDLAR BYWATER**,<br><br>Defendants. | CRIMINAL NO. 1:24-cr-00077-BAH<br><br>(Conspiracy to Commit Sexual Exploitation of a Child, 18 U.S.C. § 2251(e); Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Advertising Child Pornography, 18 U.S.C. § 2251(d); Forfeiture, 18 U.S.C. § 2253, 21 U.S.C. § 853, 28 U.S.C. § 2461) |

**INDICTMENT**

**COUNT ONE**
(Conspiracy to Commit Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

Beginning on a date unknown to the Grand Jury, and continuing through on or about February 17, 2024, in the District of Maryland and elsewhere, the defendants,

**ALEKZANDER QUINN BYWATER**, and
**ANIKA DANIELLE STUDLAR BYWATER**,

conspired and agreed with one another to knowingly employ, use, persuade, induce, entice and coerce a minor, Minor Victim 1, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2)(A) for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and such visual depiction was produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depiction were actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a), (e)

## COUNT TWO
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

Beginning on a date unknown to the Grand Jury, and continuing through on about February 6, 2024, in the District of Maryland and elsewhere, the defendants,

**ALEKZANDER QUINN BYWATER,** and
**ANIKA DANIELLE STUDLAR BYWATER,**

did knowingly employ, use, persuade, induce, entice and coerce a minor, Minor Victim 1, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing any visual depiction of such conduct, and aided and abetted one another in doing so, and such visual depiction was actually transported and transmitted using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, that is, a video file known to the Grand Jury and referred to here as "Video 1," and conduct depicted in that video.

18 U.S.C. § 2251(a), (e)
18 U.S.C. § 2

## COUNT THREE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

Beginning on a date unknown to the Grand Jury, and continuing through on about February 7, 2024, in the District of Maryland and elsewhere, the defendants,

**ALEKZANDER QUINN BYWATER,** and
**ANIKA DANIELLE STUDLAR BYWATER**

did knowingly employ, use, persuade, induce, entice and coerce a minor, Minor Victim 1, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2)(A) for the purpose of producing any visual depiction of such conduct, and aided and abetted one another in doing so, and such visual depiction was actually transported and transmitted using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, that is, a video file known to the Grand Jury and referred to here as "Video 2," and conduct depicted in that video.

18 U.S.C. § 2251(a), (e)
18 U.S.C. § 2

## COUNT FOUR
(Advertising Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Beginning on a date unknown to the Grand Jury, and continuing through on about February 6, 2024, in the District of Maryland and elsewhere, the defendant,

**ALEKZANDER QUINN BYWATER,**

knowingly made, printed, and published, and caused to be made, printed, and published, a notice and advertisement seeking and offering to receive, exchange, buy, produce, display, distribute and reproduce a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and which depiction was of such conduct, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer, that is, a post offering Video 1 for sale on a website known to the Grand Jury and referred to here as "Website A."

18 U.S.C. § 2251(d) and (e)

## COUNT FIVE
(Advertising Child Pornography)

The Grand Jury for the District of Maryland further charges that:

Beginning on a date unknown to the Grand Jury, and continuing through on about February 7, 2024, in the District of Maryland and elsewhere, the defendant,

**ALEKZANDER QUINN BYWATER,**

knowingly made, printed, and published, and caused to be made, printed, and published, a notice and advertisement seeking and offering to receive, exchange, buy, produce, display, distribute and reproduce a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and which depiction was of such conduct, and such notice and advertisement was transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer, that is, a post offering Video 2 for sale on a website known to the Grand Jury and referred to here as "Website A."

18 U.S.C. § 2251(d) and (e)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. of Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) as a result of a defendant's conviction under any of the offenses set forth in Counts One through Five of this Indictment.

2. Upon conviction of any of the offenses in Counts One through Five of this Indictment, the defendants,

**ALEKZANDER QUINN BYWATER,** and
**ANIKA DANIELLE STUDLAR BYWATER,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

   a. any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to, the following:

   a. One Cool Master computer tower with ID MCBB500DKGNNTUF1202000195, which contains the following hard drives:

      i. One XPG M2 Solid State Drive (SSD), model: Spectrix S40, capacity: 512 GB, and SN: 2K292L1E4GGX;

      ii. One Seagate Barracuda SATA Hard Disk Drive (HDD), model: Barracuda/ST2000DM008, capacity: 2TB, and SN: ZFL2ADJC;

      iii. One Seagate Barracuda SATA Hard Disk Drive (HDD), model: Barracuda/ST4000DM004, capacity: 4TB, and SN: ZFN3AJM2;

    b. One Dell Precision 3560 Laptop w/ Service Tag 61SP3K3, which contains the following hard drives:

      i. One Western Digital Blue M2 Solid State Drive (SSD), model: WD Blue/ WDS500G2B0B, capacity: 500 GB, and SN: 194373806504;

      ii. One SK Hynix M2 Solid State Drive (SSD), model: BC711, capacity: 128 GB, and SN: CYA4N049410804F14.

### Substitute Assets

4. If the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron /rs*
Erek L. Barron
United States Attorney

**SIGNATURE REDACTED**
Foreperson

Date: March 5, 2024

8