IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. BAH-24-77 |
| ) | |
| ALEKZANDER BYWATER, ) | |
| ) | |
| Defendant ) | |
| ) | |

**CONSENT MOTION FOR EXCLUSION OF TIME
FROM SPEEDY TRIAL ACT COMPUTATIONS**

The United States respectfully submits the Government's Motion for Exclusion of Time from Speedy Trial Act Computations pursuant to 18 U.S.C. § 3161(h). In support thereof, the Government submits the following:

1. On February 13, 2024, Defendant Alekzander Quinn Bywater was charged by criminal complaint with Sexual Exploitation of Children.

2. On February 21, 2024, the Defendant had his initial appearance on the criminal complaint. Defendant was detained by consent pending trial.

3. On March 5, 2024, the Grand Jury returned a Superseding Indictment charging Defendant Alekzander Quinn Bywater with Sexual Exploitation of Children (18 U.S.C. § 2251(c), (d), and (e)).

4. Following the initial appearance, the Government produced extensive discovery in three separate productions, and the Government has made all contraband evidence available to counsel for Defendant. The discovery includes numerous reports and search warrant returns, including for devices, social media accounts, and cryptocurrency. Accordingly, the discovery materials in this case are voluminous. The Government will provide any additional materials as soon as they are received.

1

5.      On December 11, 2025, the Court issued a Scheduling Order in this matter.

6.      The Government requests that the Speedy Trial Act be tolled through the trial date as the parties prepare for pretrial motions and trial itself. Specifically, the Government is seeking an exclusion of time from **December 11, 2025 through June 22, 2026** for these purposes.

7.      On December 11, 2025, counsel for Alekzander Bywater noted he had no objection to the Government's request.

8.      In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

9.      18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

10.      In light of the foregoing, the Government submits that the ends of justice served by continuing speedy trial to allow for trial preparation. The Government submits that extending the

speedy trial date outweighs the interests of the defendant and the public in a speedy trial, and, therefore, the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7).

11.     Accordingly, the Government requests tolling the speedy trial clock, in the interests of justice, from **December 11, 2025 through June 22, 2026**. Moreover, the Government submits that the Defendant will not be prejudiced by the grant of this motion. The ends of justice will be served by excluding this time period in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendants in a speedy trial.

WHEREFORE, the parties respectfully request that the time from **December 11, 2025 through June 22, 2026,** be excluded from Speedy Trial Act computations in this case. A proposed order is attached.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _/s/ Reema Sood_
Reema Sood
Assistant United States Attorney
Kyle P. Reynolds
Special Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4943

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, and thereby served counsel for the Defendant on December 11, 2025.

                                           Respectfully submitted,

                                           Kelly O. Hayes
                                           United States Attorney

By: _____
       Reema Sood
       Assistant United States Attorney
       Kyle P. Reynolds
       Special Assistant United States Attorney
       36 South Charles Street, Fourth Floor
       Baltimore, Maryland 21201
       (410) 209-4943