**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal Case No. BAH-24-0077** |
| **ALEKZANDER BYWATER** | * | |

* * * * * * * * * * * *

**MOTION TO SUPPRESS ELECTRONIC EVIDENCE**

Now comes the defendant, Alekzander Bywater ("Mr. Bywater"), by and through his attorney, Christopher C. Nieto, hereby respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress tangible and derivative evidence obtained from an unlawful seizure of Mr. Bywater's computer and laptop on February 16, 2024, and as grounds therefore states the following:

1. Mr. Bywater is charged in a multi-count indictment alleging a Conspiracy to Commit Sexual Exploitation of a Child, two counts of Sexual Exploitation of a Child, and two counts of Advertising Child Pornography, in violation of 18 U.S.C. 2251(a), 2251(c), and 2251(d).

2. According to the discovery thus provided by the Government, Mr. Bywater is a United States citizen. He was residing in Mexico on February 12, 2024 when a warrant was issued for his arrest in the instant case. The FBI was the investigating law enforcement agency involved in this case.

3. Prior to effectuating an arrest in this case, the FBI circumvented the

United States' extradition treaty with Mexico regarding criminal arrest warrants by persuading Mexico to simply deport Mr. Bywater back to the United States. This was to be achieved with assistance from Mexican law enforcement and immigration authorities.

4. Accordingly, on February 16, 2024, three FBI Assistant Legal Attaches ("ALATs") accompanied Mexican immigration officers and members of the Veracruz State Police to the Bywater residence in Coatepec, Mexico. Although Mexican officials took the lead in this encounter initially, the ALATs were actively involved in the preparation and execution of this planned encounter.

5. To maintain the Bywaters' compliance, law enforcement was intentionally dishonest with the Bywaters about why they were at their residence. Law enforcement intentionally did not notify them of the existing criminal arrest warrant; instead, they told the Bywaters that they needed to return to the United States to resolve an issue with their visas. This was not true.

6. At the time of this arrest, the FBI had not sought or obtained a warrant for the search and seizure of Mr. Bywater's electronic devices. Nonetheless, based on the nature of this offense and the investigation thus conducted, the FBI had an investigative interest in obtaining Mr. Bywater's devices; they wanted these items to be brought back to the United States and under their jurisdiction. Accordingly, Mexican law enforcement, at the behest of the FBI, instructed the Bywaters to bring anything valuable with them in preparation for their return to the United States.

7. Mr. Bywater was instructed by one of the ALATs to bring his computers

with him to the United States. However, as Mr. Bywater exited his home, his neighbors offered to take the computers, and Mr. Bywater gave the computers to his neighbor for safekeeping. He was then escorted to the immigration van for transport to the airport.

8. At some point in time after Mr. Bywater gave his computers to his neighbor, law enforcement returned to the neighbor's home and illegally seized these computers from the neighbor. The agents put the devices in the van, along with the Bywaters' other belongings, to be brought back with them to the United States. When they arrived at the airport, the FBI provided the Bywaters a suitcase specifically for these electronic devices. This was to ensure the safe delivery of the devices to the waiting FBI agents in the United States. Neither Mr. Bywater or Mrs. Bywater brought these electronic devices to the van for transport to the United States.

9. Pursuant to the so-called "joint-venture" rule, the fourth amendment will apply "when United States agents' participation in the investigation is so substantial that the action is a joint venture between United States and foreign officials. United States v. Barona, 56 F.3d 1087, 1091 (9th Cir. 1995) Indeed, the Fourth Amendment applies "where cooperation with foreign law enforcement officials may implicate constitutional restrictions." United States v. Getto, 729 F.3d 221, 228 (2nd Cir. 2013).

10 FBI agents were working in concert with Mexican authorities to deport Mr. Bywater so the FBI could arrest him in the United States, They illegally seized Mr. Bywater's computers and brought them back to the United States for the sole purpose of handing them over to United States law enforcement. Mr. Bywater had no intention or desire to bring these devices with him, and law enforcement had no warrant to do so. The seizure of these items was

unlawful and, accordingly, any evidence seized from or obtained because of this unlawful seizure must be suppressed.

WHEREFORE, Mr. Bywater respectfully moves this Honorable Court to suppress any evidence that was unlawfully obtained because of the illegal seizure of his electronic devices at the time of the arrest on February 16, 2024.

Respectfully submitted,

/s/

CHRISTOPHER C. NIETO, #30031
Nieto Law Office
233 East Redwood Street, Suite 1000C
Baltimore, Maryland 21202
Phone: (443) 863-8189
Fax: (443) 378-5723
Email: cnieto@nietolawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, a copy of Defendant's Motion to Suppress Evidence, which was electronically filed in this case, was emailed to Reena Sood and Kyle Reynolds.

/s/
Christopher C. Nieto, #30031
Attorney for Mr. Bywater