**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA** *

**v.** * **Criminal Case No. BAH-24-0277**

**ALEKZANDER BYWATER** *

* * * * * * * * * * * *

**MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF FACEBOOK MESSAGES**

Now comes the defendant, Alekzander Bywater ("Mr. Bywater"), by and through his attorney, Christopher C. Nieto, hereby moves this Honorable Court, *in limine,* to preclude the Government from introducing testimony or copies of Facebook messages allegedly from Mr. Bywater to others because (1) it is irrelevant to the charges alleged and (2) any potential probative value is substantially outweighed by its unduly prejudicial effect. In support of the motion, Mr. Bywater alleges the following:

1. Mr. Bywater is charged in a multi-count indictment alleging a Conspiracy to Commit Sexual Exploitation of a Child, two counts of Sexual Exploitation of a Child, and two counts of Advertising Child Pornography, in violation of 18 U.S.C. 2251(a), 2251(c), and 2251(d). Trial is scheduled to begin on August 17, 2026.

2. In discovery, the Government provided three separate Facebook message threads allegedly between Mr. Bywater and his father, Mr. Bywater and his mother and Mr. Bywater and another person. Contained within these threads are discussions on a variety of sensational and graphic sexual topics that are not germane to the charges alleged in the indictment. From the records provided, these messages were seemingly sent in 2023 and not during the time frame that is at issue in this case.

3. Although it is not anticipated that the Government will seek to introduce any of these messages in their case-in-chief at trial, Mr. Bywater, out of an abundance of caution and to comport with the scheduling order in this case, submits to the Court that any probative value these threads may have are greatly outweighed by the prejudicial value of the statements.

4. Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation or cumulative evidence.

"Evidence is unfairly prejudicial and thus should be excluded under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (*quoting United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006)).

5. The content of these messages is sexual and graphic in nature, traversing a variety of topics, but are not relevant. They do not pertain to, or are in relation to, the allegations against Mr. Bywater from February of 2024. Notwithstanding the issue of relevance, the introduction of these message threads, or testimony regarding these message threads, would also be incredibly and unduly prejudicial against Mr. Bywater.

**WHEREFORE**, Mr. Bywater respectfully requests that should the Government seek to introduce evidence regarding these Facebook message threads, this Court should bar them from doing so.

Respectfully submitted,

/s/____________________

CHRISTOPHER C. NIETO, #30031
Nieto Law Office
233 East Redwood Street, Suite 1000C
Baltimore, Maryland 21202
Phone: (443) 863-8189
Fax: (443) 378-5723
Email: cnieto@nietolawoffice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2026, a copy of Defendant's Motion in Limine, which was electronically filed in this case, was emailed to AUSAs Reema Sood and Kyle Reynolds.

/s/____________________
Christopher C. Nieto, #30031
Attorney for Mr. Bywater